DUNLAP *v.* ROSS *et al.*

*(Supreme Court, General Term, Fourth Department.   February, 1892.)*

ASSAULT AND BATTERY—EXCESSIVE DAMAGES.

    A verdict of $100 in an action for assault and battery will not be set aside as excessive, though plaintiff's only injury was a "black eye."

Appeal from special term, Jefferson county.

Action by Martin Dunlap against William Ross, Sr., and William Ross, Jr. From a judgment for plaintiff entered on a verdict, and from an order denying a motion for a new trial, defendants appeal.   Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Thomas F. Kearns,* for appellants.   *Breen Bros.,* for respondent.

MARTIN, J.   This action was for an assault and battery.   The respondent was awarded $100 damages.   The appellants contend that the evidence was insufficient to justify a verdict for that amount.   Their claim is that the plaintiff "came out of the fight with a black eye only," and hence that the damages were excessive.   The difficulties with this claim are twofold: (1) The jury, under the evidence, may have found that the plaintiff did not escape with the injury mentioned, but that his injuries were of a much more serious character.   (2) If the injury sustained was that indicated by "a black eye only," still the amount of damages in such a case would be for the jury, and we know of no rule that would justify us in holding that $100 was excessive even in such a case.   The evidence presented a fair question of fact. Upon that evidence the jury found for the plaintiff, and awarded him as damages the amount named.   The verdict should not be disturbed, either upon the ground that it was against the weight of the evidence or that the damages were excessive.   We have examined the several rulings to which our attention has been called by the brief of the counsel for the appellants, but have found none that would justify a reversal of the judgment, or that require special discussion.   Judgment and order affirmed, with costs.

All concur.